

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2009

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3993

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Chen v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1230.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1230

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3993
_____

BING JIAN CHEN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A73 486 186)
Immigration Judge Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2009
Before: MCKEE, NYGAARD AND ROTH, Circuit Judges

(Opinion filed     June 5, 2009 )
_____

OPINION
_____

PER CURIAM

       Bing Jian Chen petitions for review of a Board of Immigration Appeals ("BIA")

decision denying his motion to reopen his immigration proceedings. We will deny the

petition for review.

Chen is a native and citizen of China who came to the United States in 1995 without a valid immigrant visa. In 1996, an Immigration Judge denied Chen's applications for asylum and withholding of deportation, in which he claimed persecution based on his religion, and ordered that Chen be excluded and deported from the United States. The BIA dismissed Chen's appeal. In 2000, the proceedings were reopened so that Chen could pursue relief under the Convention Against Torture ("CAT"). The Immigration Judge denied CAT relief, and the BIA affirmed the IJ's decision in 2002. In 2005, Chen sought to reopen the proceedings again, claiming that he would be subjected to coercive birth control measures if he returned to China as a result of the birth of his first child. The BIA found the motion untimely and denied reopening.

In 2006, Chen filed another motion to reopen asserting that he and his wife were expecting their second child, and that he feared that he would be forcibly sterilized if removed to China. Chen argued that his motion was not barred by numerical or time limitations applicable to motions to reopen due to changed conditions in China. Chen stated that instances of forced sterilizations had increased in his home province, Fujian Province. In support of his motion, Chen submitted an affidavit stating that two of his former neighbors in China were forced to undergo sterilization in 2005 after the birth of a second child. Chen also submitted a letter from the Hunan Village Committee stating that he would be required to report to the family planning office within one week of his return

2

to China and undergo sterilization at an arranged date. Chen also submitted the 2005 U.S. Department of State Country Report on Human Rights Practices for China, which he argued reflected an increased use of forced sterilizations in China.[1] Chen further argued that, in light of the increase in the use of forced sterilizations, he is prima facie eligible for asylum as the expected father of two children. Finally, Chen asserted that, under the immigration regulations, he may file a successive asylum application without seeking to reopen his proceedings.

The BIA determined that the motion to reopen was numerically-barred and time-barred under 8 C.F.R. § 1003.2(c)(2). The BIA concluded that Chen had not overcome these bars by showing changed country conditions in China as permitted under 8 C.F.R. § 1003.2(c)(3). The BIA explained that the birth of a United States citizen child and a pregnancy constituted a change in personal circumstances, not a change in circumstances arising in the country of nationality which would create an exception to the limitations for filing a motion to reopen.

The BIA further concluded that, even if it accepted Chen's assertion that circumstances had changed for him in China, the new evidence did not alter the outcome of his case. The BIA explained that the objective evidence Chen had submitted related to

---

[1] Chen also submitted other background information, including the congressional testimony of Dr. John Aird and Harry Wu, the 2004 United States Department of State Country Report, the Population and Family Planning Regulation of Fujian Province, a 2003 Consular Information Sheet, a 2005 Congressional Report, and two newspaper articles regarding forced abortions and sterilizations in China.

the treatment of Chinese nationals residing in China who violate China's one-child policy rather than the treatment of Chinese nationals returning from abroad with United States citizen children. The BIA also explained that, as it had held in Matter of C-C, 23 I. & N. Dec. 899 (BIA 2006), the 2005 United States Department of State Human Rights Report was insufficient to show prima facie eligibility for relief because it did not indicate that Chinese nationals returning to China with foreign-born children have been subjected to forced sterilization in Fujian Province.

The BIA also concluded that the letter from the Hunan Village Committee did not establish prima face eligibility for relief. The BIA recognized that the letter stated that Chen "must report to . . . undergo a sterilization operation," but stated that the letter provided no indication as to what would happen to Chen if he declined to report. Based on these conclusions, the BIA found that the evidence did not establish changed circumstances in China sufficient to support a reopening of the proceedings. Finally, the BIA rejected Chen's argument that he may file a successive asylum application, which is not subject to the changed country conditions requirement of an untimely motion to reopen. Chen filed a petition for review.[2]

We have jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for an abuse of discretion. Liu v. Attorney

_____

[2]The petition for review was stayed pending the Court's decisions in several similar cases. Those cases have been decided, and the parties have filed supplemental briefs addressing those decisions.

4

General, 555 F.3d 145, 148 (3d Cir. 2009). In addition, we uphold the BIA's factual determinations if they are supported by substantial evidence. Id.

As an initial matter, we note that Chen's argument that he may file a successive asylum application without regard to the limits applicable to a motion to reopen is foreclosed by our decision in Liu, in which we held that, after completion of removal proceedings, an alien must file an asylum application in conjunction with a motion to reopen and must meet the time and numerical limitations on motions to reopen. 555 F.3d at 152. We also reject Chen's argument that his case is similar to Zheng v. Attorney General, 549 F.3d 260, 269-71 (3d Cir. 2008), where we vacated the denial of motions to reopen based on the BIA's failure to discuss the evidentiary record. Here, the BIA referred in its decision to all of the background information provided by Chen, concluding that this evidence was inapplicable because it did not address the treatment of Chinese nationals returning from abroad with United States children. The BIA also specifically discussed the 2005 United States Department of State Country Report and the letter from the Hunan Village Committee.

Chen further argues that the BIA mischaracterized the grounds for his motion to reopen by stating that he had alleged a change in personal circumstances based on the birth of his child and his wife's pregnancy, not a change in country conditions in China which would create an exception to the time and numerical limitations for filing a motion to reopen. We disagree. The BIA recognized the change in Chen's personal

circumstances, but also considered the evidence and found that Chen had not established changed circumstances in China. See also Liu, 555 F.3d at 148 (rejecting argument that BIA mischaracterized the grounds for the motion to reopen).

Chen also argues that he established changed circumstances in China and that he is prima facie eligible for asylum. Substantial evidence, however, supports the BIA's conclusions. The BIA correctly stated that the background evidence submitted by Chen, including the 2005 U.S. Department of State Country Report, does not address the facts of his case – the treatment of Chinese nationals returning from abroad to Fujian Province with United States citizen children. Although the letter from the Hunan Village Committee states that Chen will be required to undergo sterilization,[3] the BIA recognized that the letter does not state that Chen will be forcibly sterilized if he failed to report to the family planning office. The Government correctly notes that the Fujian Province regulations reflect that monetary rewards and fines are used to achieve compliance with the family planning policy. In addition, the 2005 Congressional Report states that fines are the main enforcement mechanism of the population control policy, that physical coercion is illegal, but that there are reports of physical coercion. Similarly, the 2005

_____

[3]The letter states that, unless Chen had become a United States citizen or permanent resident, or had received a Master or Ph.D. degree in the United States, he must report to a family planning office within a week after arriving in China and undergo a sterilization operation on an arranged date. The letter notes that the village strictly enforces The Population and Family Planning Ordinance in Fujian Province, which dictates that those with two children "will be designated as a target for sterilization, and must undergo the necessary procedures." A.R. at 61.

U.S. Department of State Country Report notes that physical coercion is prohibited, but that reports of physical coercion continued.[4] Although Chen stated in his affidavit that he was aware of two incidents of forced sterilization in his village, the evidence does not compel the conclusion that Chen established changed circumstances in China or that he is prima facie eligible for relief from removal.

Accordingly, we will deny the petition for review.

---

[4]The 2005 U.S. Department of State Country Report states that 7000 people were forcibly sterilized in Linyi, Shandong Province, but the Report does not address Fujian Province.